UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN T. COATES, :
    Plaintiff, :
         :
   v. : CA 11-133 M
         :
MICHAEL J. ASTRUE, :
COMMISSIONER OF SOCIAL SECURITY, :
    Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (Docket ("Dkt.") #21) ("Motion"). The Motion is brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), has filed an opposition to the Motion. See Defendant's Opposition to Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act (Dkt. #23). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I recommend that the Motion be granted to the extent that Plaintiff be awarded $5,417.70 in attorney's fees.

**I. Background**

    Plaintiff John T. Coates ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), challenging

Defendant's decision to deny him Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. See Complaint (Dkt. #1) ¶ 1. On January 17, 2012, Plaintiff filed a motion to reverse Defendant's disability determination. See Plaintiff's Motion for Reversal of the Disability Determination of the Commissioner of Social Security (Dkt. #13) ("Plaintiff's Motion for Reversal"). In response, Defendant moved for remand and entry of judgment reversing the Commissioner's decision. See Motion for Remand and Entry of Judgment Reversing the Commissioner's Decision under Sentence Four of 42 U.S.C. Section 405(g) (Dkt. #15) ("Defendant's Motion for Remand"). On March 27, 2012, District Judge John J. McConnell, Jr., signed an order granting Defendant's Motion for Remand and ordered that the case be remanded to the Commissioner. See Order for Remand (Dkt. #18).

Plaintiff filed the instant Motion on April 26, 2012, seeking an award of attorney's fees. See Dkt. Plaintiff contends that he is eligible for such award because his net worth was less than $2,000,000.00 when the action was filed, see 28 U.S.C. § 2412(d)(2)(B), he is a "prevailing party," id. § 2412(b), and the Commissioner's position "was not substantially justified," id. § 2412(d)(1)(B). See Memorandum of Law in Support of Plaintiff's Motion for Costs and Attorney Fees under the Equal Access to Justice Act ("Plaintiff's Mem.") at 2-4.

2

**II. Law**

The EAJA requires a court to award a prevailing party fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because the Court granted Defendant's Motion for Remand and remanded the case under sentence four of § 405(g), see Order for Remand, Plaintiff was the "prevailing party" in this litigation, see Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993)("a party who wins a sentence-four remand is a prevailing party"). The Supreme Court has defined substantial justification as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988)(internal quotation marks omitted). This definition "is equivalent to the 'reasonable basis both in law and fact' formulation," Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001), which the Court of Appeals for the First Circuit has used, id. (citing United States v. Yoffe, 775 F.2d 447, 449 (1st Cir. 1985)).

In determining whether the position of Defendant was substantially justified, the Court is to "examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States." Id. (citing 28 U.S.C. § 2412(d)(2)(D)). The Government

3

bears the burden of showing that its position was substantially justified.  McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989).  However, the mere fact that the Court remanded the case to the Commissioner is not by itself determinative of whether Defendant's position was substantially justified.  See Pierce v. Underwood, 487 U.S. at 569, 108 S.Ct. at 2552 (recognizing that the government "could take a position that is substantially justified, yet lose"); Schock v. United States, 254 F.3d at 5 ("The mere fact that the government does not prevail is not dispositive on the issue of substantial justification."). "When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified."  Schock v. United States, 254 F.3d at 6.

**III. Discussion**

    **A. The Disputed Matter**s

Defendant does not dispute that Plaintiff is entitled to reasonable attorney's fees under the EAJA.  See Defendant's Opposition to Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act (Dkt. #23) ("Defendant's Mem.") at 2. However, Defendant argues that the number of hours charged by Plaintiff's counsel is excessive and warrants substantial reduction.  See id. In particular, Defendant challenges 2.4 hours of time expended prior to filing the Complaint and 5.6 hours

4

allegedly attributable to correcting an improper in forma pauperis ("IFP") application filed with the court. See id. at 3. Defendant seeks disallowance of these 8 hours (2.4 + 5.6 = 8.0). See id. at 3-4 (arguing that Plaintiff's claim for attorney's fees should be reduced to "no more than 25.4 hours").[1]

### 1. Time Expended Prior to Filing Complaint

Defendant argues that the EAJA generally does not apply to non-adversarial proceedings before the agency. See Defendant's Mem. at 3. The Court agrees. See Rice v. Astrue, 609 F.3d 831, 835 n.15 (5th Cir. 2010); Clifton v. Heckler, 755 F.2d 1138, 1142 (5th Cir. 1985)(citing decisions by the 2nd, 4th, and 8th Circuits). However, "[p]re-complaint fees have been recognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings." Ward v. Astrue, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *2 (M.D. Fla. May 18, 2012); see also Pollgreen v. Morris, 911 F.2d 527, 536 (11th Cir. 1990)(stating that "attorney hours ... linked to the preparation of the civil action in federal court" are compensable under the EAJA); Potter v. Astrue, Civil No. 3:08CV00004-JMM-HLJ, 2009 WL 2778911, at *1 (E.D. Ark. Aug. 28, 2009)(stating that "[t]ime spent at the administrative level is not compensable under

---

[1] Defendant's figure of 25.4 hours is presumably based on subtracting 8.0 hours from the 33.4 hours claimed by Plaintiff in his memorandum. See Memorandum of Law in Support of Plaintiff's Motion for Costs and Attorney Fees under the Equal Access to Justice Act ("Plaintiff's Mem.") at 5.

5

the EAJA" but noting "that some of the time submitted was clearly in preparation for the filing of the Complaint with this court and should be allowed"). Thus, to the extent that Defendant contends that no time prior to the filing of the Complaint is compensable,[2] the Court rejects such contention as at odds with the case law.

To the extent that Defendant contends that at least a portion of the 2.4 hours is not compensable because it is not sufficiently linked to the preparation of the Complaint or it is otherwise not compensable, the Court agrees. Plaintiff's counsel indicates that .8 hours of this time is attributable to his filing the Complaint in person. See Plaintiff's Reply to Defendant's Opposition to Plaintiff's Petition for Attorneys' Fees under the Equal Access to Justice Act (Dkt. #24) ("Plaintiff's Reply") at 2 (".8 hours ... involved the driving of the complaint to the District Court, the filing of the same, and the return to my office"). The Court finds that this time is not compensable under the EAJA because the documents could have been mailed or delivered by support staff to the courthouse. See Am. Petroleum Inst. v. E.P.A., 72 F.3d 907, 912-13 (D.C. Cir. 1996)(reducing attorney's hours because billing entries indicate "the attorney himself delivered the documents"); id. at 913 ("[petitioners] have not established that it is

---

[2] As Defendant seeks disallowance of all time expended by Plaintiff's counsel prior to the filing of the Complaint, see Defendant's Mem. at 2-3, it necessarily follows that Defendant opposes allowing any time for preparation of the Complaint.

6

reasonable to charge the public fisc for the service of professionals in these instances"); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000)(finding "that, other than the dictation of a letter to the clerk, filing a summons and complaint is not work traditionally performed by an attorney, but rather is clerical work"); cf. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998)("Clerical tasks ought not to be billed at lawyer's rates, even if a lawyer performs them.").

To the extent that Plaintiff's counsel seeks alternatively to have this time compensated at a clerical rate, see Plaintiff's Reply at 2, such request is denied because requests "for fees from clerical and secretarial tasks are generally not allowed under fee shifting statutes like the EAJA," Snyder v. Comm'r of Soc. Sec., No. 1:06 CV 2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463 (1989)); see also Granville House, Inc. v. Dep't of HEW, 796 F.2d 1046, 1050 (8th Cir. 1986)(holding attorney not entitled to compensation for work which could have been done by support staff), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987); Adrow v. Astrue, Civil No. 11-2024, 2012 WL 1365398, at *3 (W.D. Ark. Apr. 19, 2012)(finding that "ECF filing of the consent form, preparing letters to accompany the complaint and summonses ... are tasks that could have been performed by support staff and, as such, are not compensable"); Lemus v. Shinseki, No. 08-2768(E), 2011 WL 3805472,

7

at *2 (Vet. App. Aug. 30, 2011)(holding that EAJA fees will not be granted for "hours ... spent on work that appears clerical on its face"); Bluford v. Comm'r of Soc. Sec., Civil No. 10-cv-04928 (DMC), 2011 WL 3205370, at *3 (D.N.J. July 27, 2011)(deducting from plaintiff's award because "tasks could have been done by a support staff member"); Snyder, 2011 WL 66458, at *2 ("[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes, regardless of who performs them.")(alteration in original)(internal quotation marks omitted).

Apart from this .8 hours, however, I find the remaining 1.6 hours of time to be reasonably connected to the preparation of the federal case and not related to the underlying administrative proceedings. Accordingly, Plaintiff's request for compensation for the remaining 1.6 hours should be approved. I so recommend.

### 2. Time Expended Correcting IFP Application

Defendant challenges "5.6 hours ... devoted to drafting and correcting an improper 'in forma pauperis' [Plaintiff's counsel] filed with the court." Defendant's Mem. at 3. As an initial matter, it appears that Defendant has included in this figure one hour of time which Defendant also included as part of the 2.4 hours expended prior to the filing of the Complaint. See id. The Court reaches this conclusion because it is unable to match Defendant's figure of 5.6 hours without including the 1.0 hour of time expended by Plaintiff on April 1, 2011, for completing and filing the

8

Complaint, summons, and IFP affidavit. Plaintiff's Mem., Attachment ("Att.") (Time Record) at 1. Accordingly, the Court rejects Defendant's challenge to this hour because it is not related to correcting the IFP application and the Court has already considered Defendant's objection with respect to this time in the preceding section.

With respect to the remaining 4.6 hours related to correcting the defective IFP application, Defendant's challenge has more substance. While it is true that the Court found the explanation provided by Plaintiff's counsel in response to the Order for Plaintiff to Show Cause (Dkt. #4) sufficient to avoid a recommendation that the IFP application be denied, see Text Order of 6/1/11, the root cause for the expenditure of this time was Plaintiff's original failure to answer all the questions on the Application to Proceed without Prepayment of Fees and Affidavit ("Application") (Dkt. #2) and Plaintiff's counsel's failure to notice and correct this omission before filing the Application. Although the Court is not unsympathetic to the difficulties which counsel may encounter with clients who fail to follow instructions regarding the completion of forms and other documents related to their federal court appeal, see Affidavit (Dkt. #5), the public fisc should not be reduced to compensate Plaintiff's counsel for errors or mistakes that are the responsibility of Plaintiff and/or his counsel, see League of United Latin Am. Citizens #4552 v.

9

Roscoe Indep. Sch. Dist., 119 F.3d 1228, 1233 (5th Cir. 1997)(finding that district court's refusal to award attorney's fees for time spent amending complaint because it contained a jurisdictional defect was not an abuse of discretion); id. ("[a] reasonable attorney would have drafted the complaint correctly the first time")(alteration in original)(quoting district court's opinion); cf. Kitchnefsky v. Nat'l Rent-A-Fence of Am., 88 F.Supp.2d 360, 370 (D.N.J. 2000)(holding that fourth party defendant was not entitled to attorney's fees because its "efforts were the result of its own mistaken assumption").

The bottom line is that if the original IFP Application had been properly completed, the expenditure of the 4.6 hours to cure the deficiencies in the Application would not have been necessary. Therefore, the Court would be justified in disallowing all of this time. However, this would be unduly harsh given the difficulties Plaintiff's counsel encountered in attempting to rectify the problem which the Court identified. The Court is also influenced by Plaintiff's conservative request of only 1 hour for tasks associated with preparation of Plaintiff's Reply. Taking these mitigating circumstances into account, I recommend that 3.6 hours of time pertaining to correction of the IFP application be disallowed.

**B. Time for Reply Brief**

Plaintiff seeks an additional fee for 1 hour of time required

10

to "read the Defendant's Objection memorandum, review the file regarding Defendant's claims, review prior memoranda and draft this brief." Plaintiff's Reply at 3. Although the Court initially considered applying a percentage to this hour based on the number of challenged hours which Plaintiff successfully defended in his reply, Plaintiff's request for 1 hour of time appears to be quite conservative for the work involved. Accordingly, I recommend that the entire 1 hour be allowed even though not all of Plaintiff's arguments in the brief were sustained by the Court.

**IV. Determination of Fee**

   **A. Hours Compensable**

Plaintiff originally sought compensation for 33.4 hours of time, see Plaintiff's Mem., Att. at 2, and Defendant objected to 8 of these hours, see Defendant's Mem. at 3. The Court has sustained Defendant's objection to the extent of .8 hours with respect to time expended prior to filing the Complaint and 3.6 hours with respect to time attributable to correcting the incomplete IFP application, a total of 4.4 hours. Thus, of the 33.4 hours originally claimed by Plaintiff, I recommend that 29 hours be allowed (33.4 hours - 4.4 = 29 hours). I further recommend that an additional 1 hour for preparation of Plaintiff's Reply be allowed. Accordingly, the total number of hours for which Plaintiff should be compensated is 30 hours (29 hours + 1 hour = 30 hours).

### B. Hourly Rate

Plaintiff seeks compensation at an hourly rate of $180.59. See Plaintiff's Mem., Att. at 2. Defendant has not challenged this rate of compensation. See Defendant's Mem. at 2 (objecting only to "to the amount of time Plaintiff claims was spent on relevant case work"). Accordingly, the Court finds that a rate of $180.59 is reasonable. See Ward v. Astrue, No. 3:10-cv-1031-J-MCR, 2012 WL 1890554, at *2 (M.D. Fla. May 24, 2012)(using hourly rate of $180.59 for work performed in 2011 and 2012); Evans v. Astrue, No. 1:10–cv-06149-CL, 2012 WL 1831499, at *1-2 (D. Or. May 18, 2012) (finding hourly rate of $180.59 reasonable for work performed in 2011).

### C. Calculation of Fee Award

    30 hours @ $180.59 per hour = $5,417.70

              TOTAL FEE AWARD: $5,417.70

## V. Conclusion

For the reasons stated above, I recommend that the Motion be granted to the extent that Plaintiff be awarded attorney's fees of $5,417.70.[3] To the extent that the Motion seeks a greater amount of attorney's fees, I recommend that the Motion be denied.

---

[3] The Court notes that "[t]he awarded fee may not exceed twenty-five percent of the claimant's past due benefits." Ward v. Astrue, No. 3:10-cv-1031-J-MCR, 2012 WL 1890554, at *2 (M.D. Fla. May 24, 2012). There is no suggestion that the claimed fee would exceed that amount. If the parties have any information indicating otherwise, they are to notify the Court immediately.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
June 14, 2012